**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID GARNER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **MERCK & CO., INC.,** also | ) | |
| **d/b/a MERCK, SHARP AND DOHME** | ) | Case No. 06-898-WDS-PMF |
| **and d/b/a MSD SHARP & DOHME** | ) | |
| **GmbH, G.D. SEARLE LLC, PHARMACIA** | ) | **JURY DEMAND** |
| **CORPORATION, MONSANTO** | ) | |
| **COMPANY, PFIZER INC., WALGREEN** | ) | |
| **CO., d/b/a WALGREENS,** | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS G.D. SEARLE LLC, PHARMACIA CORPORATION, AND PFIZER INC.'S ANSWERS TO COMPLAINT

NOW COME Defendants G.D. Searle LLC, Pharmacia Corporation f/k/a Monsanto Company that was organized in 1933 (improperly captioned in Plaintiff's Complaint as "Monsanto Company"), and Pfizer Inc. (collectively "Defendants"), and for their answer to Plaintiff's Complaint state as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 concerning Plaintiff's citizenship, and therefore deny the same. Defendants specifically deny that Celebrex® caused injury to Plaintiff, and deny all remaining or inconsistent allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that G.D. Searle LLC ("Searle") is a Delaware limited liability company with its principal place of business in Illinois and that it is registered to do business in

Illinois. Defendants admit that Searle may be served through its registered agent. Searle's sole member is Pharmacia & Upjohn LLC, which is a limited liability company whose sole member is Pharmacia Corporation which is a corporation existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey. Defendants admit that, during certain times, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny all remaining or inconsistent allegations contained in Paragraph 3 of Plaintiff 's Complaint.

4.      Defendants admit that Pharmacia Corporation ("Pharmacia") is a corporation existing under the laws of the State of Delaware. Defendants admit that, during certain times, Pharmacia marketed Celebrex® in the United States for the indications set forth in the FDA-approved package insert and as permitted by law. Defendants deny all remaining or inconsistent allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Celebrex®. 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed

Celebrex®, Defendants state, therefore, that 2000 Monsanto is not a proper party in this matter. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in the State of New York.  Defendants admit that, during certain times, Pfizer marketed and co-promoted Celebrex® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and specifically denies that Celebrex® caused injury to Plaintiff.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

9.      Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and specifically denies that Celebrex® caused injury to Plaintiff.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and specifically denies that Celebrex® caused injury to Plaintiff.  Defendants state that the potential

effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

11.     Paragraph 11 contains a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Paragraph 12 contains a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     The allegations contained in Paragraph 14  of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     The allegations contained in Paragraph 20  of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations contained in Paragraph 24  of Plaintiff's Complaint.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     The allegations contained in Paragraph 26  of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     The allegations contained in Paragraph 36  of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     The allegations contained in Paragraph 37  of Plaintiff's Complaint, including subparts (a) through (g), are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     The allegations contained in Paragraph 38 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     The allegations contained in Paragraph 55 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     The allegations contained in Paragraph 56 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     The allegations contained in Paragraph 57  of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     The allegations contained in Paragraph 58 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     The allegations contained in Paragraph 59 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     The allegations contained in Paragraph 60 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     The allegations contained in Paragraph 61 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     The allegations contained in Paragraph 62 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     The allegations contained in Paragraph 63 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     The allegations contained in Paragraph 64  of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 64 as though fully rewritten herein.

66.     The allegations contained in Paragraph 66 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     The allegations contained in Paragraph 67 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     The allegations contained in Paragraph 68 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     The allegations contained in Paragraph 69 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 1:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 1 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 1.

70.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 69 as though fully rewritten herein.

71.     The allegations contained in Paragraph 71 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     The allegations contained in Paragraph 72 of Plaintiff's Complaint, including subparts (a) through (p), are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     The allegations contained in Paragraph 73 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 2:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 2 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 2.

74.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 73 as though fully rewritten herein.

75.     The allegations contained in Paragraph 75 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     The allegations contained in Paragraph 76 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     The allegations contained in Paragraph 77 of Plaintiff's Complaint, including subparts (a) through (f), are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     The allegations contained in Paragraph 78 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     The allegations contained in Paragraph 79 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     The allegations contained in Paragraph 80 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 3:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 3 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 3.

81.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 80 as though fully rewritten herein.

82.     The allegations contained in Paragraph 82 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     The allegations contained in Paragraph 83 of Plaintiff's Complaint, including subparts (a) through (f), are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     The allegations contained in Paragraph 84 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     The allegations contained in Paragraph 85 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     The allegations contained in Paragraph 86 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     The allegations contained in Paragraph 87 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     The allegations contained in Paragraph 88 of Plaintiff's Complaint, including subparts (a) through (c), are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     The allegations contained in Paragraph 89 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     The allegations contained in Paragraph 90 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 4:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 4 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 4.

91.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 90 as though fully rewritten herein.

92.     The allegations contained in Paragraph 92 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     The allegations contained in Paragraph 93 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     The allegations contained in Paragraph 94 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     The allegations contained in Paragraph 95 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     The allegations contained in Paragraph 96 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 5:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 5 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 5.

97.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 96 as though fully rewritten herein.

98.    The allegations contained in Paragraph 98 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.    The allegations contained in Paragraph 99 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    The allegations contained in Paragraph 100 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.    The allegations contained in Paragraph 101 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    The allegations contained in Paragraph 102 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.    The allegations contained in Paragraph 103 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.    The allegations contained in Paragraph 104 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 6:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the

relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 6 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 6.

105.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 104 as though fully rewritten herein.

106.    The allegations contained in Paragraph 106 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.    The allegations contained in Paragraph 107 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.    The allegations contained in Paragraph 108 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    The allegations contained in Paragraph 109 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.    The allegations contained in Paragraph 110 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 7:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 7

of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 7.

111.    Defendants admit that Celebrex® has been approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colectoral polyps in patients with familial adenomatous polyposis, as an adjunct to usual care (*e.g.*, endoscopic surveillance, surgery); and (6) for the relief of the signs and symptoms of ankylosing spondylitis. Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle. Defendants deny misrepresenting the safety and effectiveness of Celebrex®. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny all remaining or inconsistent allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle. Defendants deny misrepresenting the safety and effectiveness of Celebrex®. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny all remaining or inconsistent allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.    Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in Paragraph 113 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 concerning Plaintiff's prescription, use, or medical condition, and therefore deny the same. Defendants deny all remaining or inconsistent allegations contained in Paragraph 114 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

115.    Defendants state that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle. Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations contained in Paragraph 115 of Plaintiff's Complaint and specifically deny any "wrongful conduct."

116.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle. Defendants deny all remaining or inconsistent allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

118.    Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

119.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 118 as though fully rewritten herein.

120.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective in design" or "unreasonably dangerous." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

122.    Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint and specifically deny Celebrex was or is "defective in design and formulation." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

123.    Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of Plaintiff's Complaint and specifically deny that Celebrex has "dangerous propensities."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are

adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

125.    Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Complaint, deny that Celebrex® is "defective" or has a "dangerous design," and deny that Celebrex® caused injury to Plaintiff.

126.    Defendants deny the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 8:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 8 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 8.

128.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 127 as though fully rewritten herein.

129.    Defendants deny the allegations contained in Paragraph 129 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

130.    Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Complaint and specifically deny that Celebrex® had "dangerous characteristics."   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

131.    Defendants deny the allegations contained in Paragraph 131 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

132.    Defendants deny the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

134.    Defendants deny the allegations contained in Paragraph 134 of Plaintiff's Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

135.    Defendants deny the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of Plaintiff's Complaint.  Defendants state that the potential effects of Celebrex® were and are adequately described in its

FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

137.    Defendants deny the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 9:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 9 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 9.

139.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 138 as though fully rewritten herein.

140.    Defendants admit that, during certain times, Pharmacia marketed Celebrex®, Pfizer marketed and co-promoted Celebrex®, Searle developed, marketed and distributed Celebrex®, and that Celebrex® was manufactured for Searle.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of Plaintiff's Complaint and specifically deny that Celebrex® was or is "defective in design" or "unreasonably dangerous." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

142.    Defendants deny the allegations contained in Paragraph 142 of Plaintiff's Complaint and specifically deny that Celebrex® was or is defective in design or "dangerous."  Defendants state

that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

143.    Defendants deny the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145.    Defendants deny the allegations contained in Paragraph 145 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

146.    Defendants deny the allegations contained in Paragraph 146 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 10:
Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 10 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 10.

147.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 146 as though fully rewritten herein.

148.    Defendants deny the allegations contained in Paragraph 148 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

149.    Defendants deny the allegations contained in Paragraph 149 of Plaintiff's Complaint, including subparts (a) through (e ).  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

150. Defendants deny the allegations contained in Paragraph 150 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

151. Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

152. Defendants deny the allegations contained in Paragraph 152 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 11:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 11 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 11.

153. Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 152 as though fully rewritten herein.

154. Defendants deny the allegations contained in Paragraph 154 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

155.     Defendants deny the allegations contained in Paragraph 155 of Plaintiff's Complaint and specifically deny any "omissions." Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

156.     Defendants deny the allegations contained in Paragraph 156 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

157.     Defendants deny the allegations contained in Paragraph 157 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

158.     Defendants deny the allegations contained in Paragraph 158 of Plaintiff's Complaint and specifically deny any "concealment." Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

159.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's meaning of "duty to speak" and therefore deny the same. Defendants deny all remaining or inconsistent allegations contained in Paragraph 159 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law.

160.     Defendants deny the allegations contained in Paragraph 160 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

161.     Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's meaning of "the information," and therefore deny the same.  Defendants deny all remaining or inconsistent allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.     Defendants deny the allegations contained in Paragraph 162 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

163.     Defendants deny the allegations contained in Paragraph 163 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

164.     Defendants deny the allegations contained in Paragraph 164 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

165.     Defendants deny the allegations contained in Paragraph 165 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

166.     Defendants deny the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167.     Defendants deny the allegations contained in Paragraph 167 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 12:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 12 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 12.

168.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 167 as though fully rewritten herein.

169.     Defendants deny the allegations contained in Paragraph 169 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

170.     Defendants deny the allegations contained in Paragraph 170 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

171.    Defendants deny the allegations contained in Paragraph 171 of Plaintiff's Complaint. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

172.    Defendants deny the allegations contained in Paragraph 172 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

173.    Defendants deny the allegations contained in Paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 13:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 13 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 13.

175.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 174 as though fully rewritten herein.

176.    Defendants deny the allegations contained in Paragraph 176 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

177.    Defendants deny the allegations contained in Paragraph 177 of Plaintiff's Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

179.    Defendants deny the allegations contained in Paragraph 179 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

180.    Defendants deny the allegations contained in Paragraph 180 of Plaintiff's Complaint.

181.    Defendants deny the allegations contained in Paragraph 181 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 14:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 14 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 14.

182.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 181 as though fully rewritten herein.

183.    Defendants admit that Celebrex® has been approved by the FDA for the following indications: (1)  for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colectoral polyps in patients with familial adenomatous polyposis, as an adjunct to usual care (*e.g.*, endoscopic surveillance, surgery); and (6) for the relief of the signs and symptoms of ankylosing spondylitis.  Defendants state that Celebrex® was and is safe and effective when used

in accordance with its FDA-approved prescribing information. Defendants deny all remaining or inconsistent allegations contained in Paragraph 183 of Plaintiff's Complaint.

184. Defendants deny the allegations contained in Paragraph 184 of Plaintiff's Complaint.

185. Defendants deny the allegations contained in Paragraph 185 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

186. Defendants deny the allegations contained in Paragraph 186 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

187. Defendants deny the allegations contained in Paragraph 187 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

188. Defendants deny the allegations contained in Paragraph 188 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 15:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 15 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 15.

189. Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 188 as though fully rewritten herein.

190. Defendants deny the allegations contained in Paragraph 190 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

191.    Defendants deny the allegations contained in Paragraph 191 of Plaintiff's Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its

FDA-approved prescribing information.  Defendants further state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law.

192.    Defendants deny the allegations contained in Paragraph 192 of Plaintiff's Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its

FDA-approved prescribing information.  Defendants further state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law.

193.    Defendants deny the allegations contained in Paragraph 193 of Plaintiff's Complaint,

including subparts (a) through (e).  Defendants state that Celebrex® was and is safe and effective

when used in accordance with its FDA-approved prescribing information.  Defendants further

state that the potential effects of Celebrex ® were and are adequately described in its FDA-

approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law.

194.    Defendants deny the allegations contained in Paragraph 194 of Plaintiff's Complaint.

Defendants state that the potential effects of Celebrex® were and are adequately described in its

FDA-approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law.

195.    Defendants deny the allegations contained in Paragraph 195 of Plaintiff's Complaint and

specifically deny any "misrepresentations" or "active concealment."  Defendants state that the

potential effects of Celebrex® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law.

196.     Defendants deny the allegations contained in Paragraph 196 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

197.     Defendants deny the allegations contained in Paragraph 197 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

198.     Defendants deny the allegations contained in Paragraph 198 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 16:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 16 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 16.

199.     Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 198 as though fully rewritten herein.

200.     Defendants deny the allegations contained in Paragraph 200 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

201.     Defendants deny the allegations contained in Paragraph 201 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

202.    Defendants deny the allegations contained in Paragraph 202 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

203.    Defendants deny the allegations contained in Paragraph 203 of Plaintiff's Complaint.

204.    Defendants deny the allegations contained in Paragraph 204 of Plaintiff's Complaint.

205.    Defendants deny the allegations contained in Paragraph 205 of Plaintiff's Complaint and specifically deny that Celebrex® caused injury to Plaintiff.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 17:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 17 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 17.

206.    Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 205 as though fully rewritten herein.

207.    The allegations contained in Paragraph 207 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 207 of Plaintiff's Complaint.

208.    Defendants deny the allegations contained in Paragraph 208 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its

FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

209. Defendants deny the allegations contained in Paragraph 209 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

210. Defendants deny the allegations contained in Paragraph 210 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

211. The allegations contained in Paragraph 211 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 211 of Plaintiff's Complaint.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 18:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 18 of the Complaint. To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 18.

212. Defendants incorporate each and every admission and denial set forth in Paragraphs 1 through 211 as though fully rewritten herein.

213.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 concerning Plaintiff's purchases, and therefore deny the same.  Defendants specifically deny that Celebrex® was or is "defective and dangerous."

214.    Defendants deny the allegations contained in Paragraph 214 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

215.    Defendants deny the allegations contained in Paragraph 215 of Plaintiff's Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants further state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

216.    The allegations contained in Paragraph 216 of Plaintiff's Complaint are not directed to Defendants and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in Paragraph 216 of Plaintiff's Complaint.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 19:

Defendants deny that there is any legal or factual basis that entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 18 of the Complaint.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the unnumbered "wherefore" paragraph in Count 19.

## ADDITIONAL DEFENSES

By asserting the following affirmative defenses, Defendants do not allege or admit they have the burden of proof and/or the burden of persuasion with respect to any of these matters:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

3.      The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

4.      The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

5.      The claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

6.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than Defendants, and for whose conduct Defendants are not responsible, or with whom Defendants have no legal relation or legal duty to control.

7.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the negligence of Plaintiff in failing to exercise due and proper care under the existing circumstances and conditions, and her damages, if any, are barred or reduced by the doctrines of contributory or comparative negligence.

8.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Celebrex® by persons other than Defendants or persons acting on their behalf.

9.      The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

10.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

11.     Plaintiff's claims are barred because her injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

12.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by unforeseeable idiosyncratic reactions of Plaintiff.

13.     Plaintiff's claims are barred by the doctrines contained in the Restatement (Second) Torts §402(A), Comment j, Restatement (Second) Torts §402(A), Comment k, and/or Restatement (Third) of Torts:  Products Liability §§ 4 *et. seq.* and 6.

14.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

15.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

16.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

17.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

18.     The claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® was not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

19.     The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

20.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

21.     Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

22.     The claims asserted in the Complaint are barred, in whole or in part , because Defendants did not violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1  *et seq.*, and/or this Act is not applicable to this matter and/or to this Plaintiff.

23.     Plaintiff's damages, if any, are limited by the failure to mitigate by Plaintiff.

24.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

25.     The liability of Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

26.     Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

27.     Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.,* the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

28.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

29.     The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

30.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.  Accordingly, Plaintiff's claims are preempted by the

Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

31.     If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation sold by Defendants or other sellers.

32.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

33.     Plaintiff's claims are barred in whole or in part because Celebrex® " provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

34.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

35.     Defendants reserve the right to assert any additional defense which might come to its attention or might be developed during the pendency of this action.

36.     Plaintiff's claims are barred in whole or part because they have been filed in an improper venue.

## JURY DEMAND

Defendants hereby demand a jury trial on all issues so triable in this action.

Dated:  November 8, 2006       By:    /s/ Robert H. Shultz, Jr.

                                            HEYL, ROYSTER, VOELKER & ALLEN
Robert H. Shultz, Jr. - #03122739
103 West Vandalia Street, Suite 100
Edwardsville, Illinois  62025
(618) 656-4646
**Attorneys for G.D. Searle LLC,
Pharmacia Corporation f/k/a Monsanto
Company that was organized in 1933
(improperly captioned in Plaintiff's
Complaint as "Monsanto Company"),
and Pfizer Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on **November 8, 2006**, I electronically filed the foregoing document with the Clerk of the Court of the Southern District of Illinois using the CM/ECF system, which will send notification of such filing to the following:

**Aaron K. Dickey -** Aaron@gmhalaw.com.
**Robert Rowland -** rrowland@ghalaw.com
**Dan H. Ball -** dhball@bryancave.com
**Randy J. Soriano -** rjsoriano@bryancave.com
**Robert T. Ebert -** rtebert@bryancave.com
**Stephen G. Strauss -** sgstrauss@bryancave.com

   /s/ Robert H. Shultz, Jr.
HEYL, ROYSTER, VOELKER & ALLEN