UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-cv-00898-JPG |
| ) | |
| MERCK & CO., INC., ) | |
| ) | |
| G.D. SEARLE LLC, ) | |
| ) | |
| PHARMACIA CORPORATION, ) | |
| ) | **JURY TRIAL DEMANDED**) |
| MONSANTO COMPANY, ) | |
| ) | |
| PFIZER, INC., ) | |
| ) | |
| WALGREEN CO., ) | |
| d/b/a WALGREENS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT WALGREEN CO.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Walgreen Co. ("Walgreen"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, and states as follows:

1. Plaintiff has brought suit under multiple theories seeking damages for personal injuries as a result of his alleged use of the prescription pharmaceutical products Vioxx and Celebrex ("the products at issue"), manufactured by the other defendants in this action.

2. Plaintiff purports to assert three causes of action against Walgreen – strict product liability (Count 17), breach of warranty (Counts 19), and negligent failure to warn (Counts 18). As set forth in Walgreen's accompanying Memorandum, filed contemporaneously herewith and

3500725

incorporated by reference, each of these counts fails to state a claim as a matter of law, and Walgreen should therefore be dismissed with prejudice.

3. Plaintiff's Count 17 strict liability claim fails as a matter of law. The claim fails to state a claim under Illinois law because a pharmacy, such as Walgreen is alleged to be in the Complaint, is not subject to liability under a theory of strict liability. *Leesley v. West*, 518 N.E.2d 758 (Ill. App. 1988). Alternatively, Walgreen may be dismissed pursuant to 735 ILCS 5/2-621 because any potential liability against Walgreen is based solely on its alleged status as a seller in the stream of commerce. Attached as Exhibit A is an affidavit from Sheila Bennett which verifies that Walgreen has the status of an innocent seller here.

4. Plaintiff's Count 19 breach of warranty claims fail as a matter of law because under Illinois statute, filling a prescription as alleged by Plaintiff here is a service, not the sale of goods. 225 ILCS 85/3(d). Moreover, in addition to the statute, Illinois law does not impose warranty liability on pharmacies for claims arising out of the properties of prescription drugs. *See Brandt v. Boston Scientific Corp.*, 792 N.E.2d 296 (Ill. 2003); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 292 (S.D.N.Y. 2001).

5. The Count 18 negligent failure to warn claims also fail as a matter of law because Illinois law does not impose on a pharmacy a legal duty to warn of risks and side effects of a prescription drug under the facts Plaintiff has alleged in the Complaint. *Leesley v. West*, 518 N.E.2d 758 (Ill. App. 1988).

6. Alternatively, Plaintiff failed to bring his claims within the statute of limitations. Under Illinois law, all actions against pharmacists must be brought within two years from the date of occurrence of the act of neglect complained of. *See* 735 ILCS 5/13-213; 735 ILCS 5/13-202. Here, Plaintiff does not allege that any of the Vioxx or Celebrex allegedly sold by

Walgreen to him was sold within two years preceding the filing of this action on September 27, 2006. Additionally, the allegations of fraudulent concealment with regard to Plaintiff's claims regarding Vioxx, purportedly tolling the statute of limitations, are all directed at Merck, and not Walgreen. Therefore, Plaintiff has failed to allege a cause of action that falls within the statute of limitations under Illinois law.

WHEREFORE, for the foregoing reasons and for those set forth in the accompanying Memorandum, Walgreen Co. respectfully requests that this Court enter its Order dismissing Plaintiffs' Complaint against it with prejudice, and for such further relief as this Court deems just and appropriate.

Respectfully submitted,

THOMPSON COBURN LLP


By /s/ David A. Dick
   David A. Dick, #6224792
   B. Matthew Struble, #6282155
   One US Bank Plaza
   St. Louis, Missouri 63101
   314-552-6000
   FAX 314-552-7000

Attorneys for Defendant Walgreen Co.


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ David A. Dick